



**PD**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KIM BEATTY-BUCHANAN, individually
and on behalf of all others similarly situated,

Civil Case Number: _____

Plaintiff,

-v-

**CIVIL ACTION**

MERCANTILE ADJUSTMENT BUREAU,
LLC and JOHN DOES 1-25,

**CLASS ACTION COMPLAINT**
**AND**
**DEMAND FOR JURY TRIAL**

Defendant.

Plaintiffs, KIM BEATTY-BUCHANAN (hereinafter, "Plaintiff"), a Pennsylvania resident, brings this class action complaint by and through her attorneys, Marcus & Zelman, LLC and the Dunne Law Offices, P.C. against Defendant MERCANTILE ADJUSTMENT BUREAU (hereinafter "Defendant" or "MAB"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

1

2.  Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3.  The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201.  If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5.  Plaintiffs brings this class action on behalf of a class of Pennsylvania consumers seeking redress for Defendant's actions of using an unfair and unconscionable means to collect a debt.

6.  Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

7.  The Defendant is a debt collector who has sent a collection notice to the Plaintiff which state that a settlement may be reported to the IRS.  Under prevailing IRS regulations, settlement of the Plaintiff's debt would never be reported to the IRS.  Defendant's statement is therefore both false and misleading, in violation of the FDCPA.

8.  Plaintiff is seeking damages, and declaratory and injunctive relief.

2

## PARTIES

9. Plaintiff is a natural person and a resident of the Philadelphia, Pennsylvania, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

10. Defendant is a collection agency with its principal office located in Williamsville, New York.

11. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

12. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

13. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

14. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following consumer class (the "Class"):

    - All consumers (1) with addresses in the State of Pennsylvania, (2) who were sent collection letters from the Defendant which state "Please be aware that if the amount of principal debt forgiven is equal or greater than $600.00, our client may be required by law to report the forgiven debt to the IRS and issue a form 1099c", (3) where such reporting would never have occurred.

    - The Class period begins one year to the filing of this Action.

3

15. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

  a. Whether Defendant violated various provisions of the FDCPA;

  b. Whether Plaintiff and the Class have been injured by Defendant's conduct;

  c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

  d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same

4

operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed proceed to without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

5

## ALLEGATIONS OF FACT

16. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

17. Some time prior to May 13, 2016, an obligation was allegedly incurred by Plaintiff to Capital One, N.A. ("Capital One")

18. The Capital One obligation arose out of a personal credit card debt in which money, property, insurance or services, which are the subject of the transactions utilized on the personal credit card, are primarily for personal, family or household purposes.

19. The alleged Citizens obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

20. Capital One is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

21. Defendant contends that the Capital One debt is past due.

22. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and Internet.

23. On or about May 10, 2016, the Defendant caused to be delivered to the Plaintiff a letter ("Letter") in an attempt to collect the alleged Capital One debt. *See* **Exhibit A.**

24. The Letter was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

25. The Letter is a "communication" as defined by 15 U.S.C. §1692a(2).

26. The Letter stated that the Plaintiff owed $568.58 on her Capital One account, originating from her store card with Kohl's Department Stores, Inc.

27. The Letter further offered to settle the Plaintiff's account for $341.14, thereby discharging the remaining $227.44 of debt.

6

28. The Letter further stated:

> "Please be aware that if the amount of principal debt forgiven is equal or greater than $600.00, our client may be required by law to report the forgiven debt to the IRS and issue a form 1099c".

*See,* Exhibit A.

29. The above statement in the Collection Letter is false, deceptive and misleading.

30. IRS Regulation 1.6050P requires that an 'applicable entity' report a cancellation or discharge of indebtedness under certain circumstances, but only when the forgiveness is in excess of $600.00.

31. In the context of this Collection Letter, Defendant's statement that the creditor "may be required by law to report" can be read in two or more ways, one of which is inaccurate.

32. The natural reading is that the event may – or may not – come to pass. As a practical matter, IRS reporting would never come to pass in the settlement of this $568.58 debt.

33. Defendant had reason to know that there would be no debt cancellation exceeding $600.00 in the case of the settlement of this alleged $568.58 debt. Thus, the statement that discharged indebtedness "may be reported" is misleading and deceptive in the context of this letter.

34. There was no reason to include this tax statement in this Letter seeking to collect $568.58.

35. This unnecessary statement is materially misleading because *inter alia*:

   a. It needlessly injects the IRS into the collection process;

   b. It injects confusion as discharge of alleged indebtedness is not always taxable;

   c. The least sophisticated consumer may reasonably believe that in order not to be reported to the IRS, he or she must pay enough on the alleged debt so that a

balance of less than $600.00 remains regardless of whether the event is reportable or any exception applies; and

d. The statement can negatively influence someone contemplating bankruptcy. The underlying debt here would almost always be dischargeable. However, any tax obligation that is created by the cancellation of the underlying debt would be non-dischargeable for at least three years. *See,* 11 USC 523(a)(1)(A) and 11 USC 507(a)(8)(A)(i). In fact, the Plaintiff filed for a Chapter 7 Bankruptcy a month after receiving this Collection Letter, and was discharged in September of 2016.

36. Furthermore, the Letter is deceptive as it implies that an IRS reporting would be required if the alleged principal debt is over $600.00.

37. Upon information and belief, Defendant's actions as described herein are part of a pattern and practice used to collect consumer debts, wherein the Defendant needlessly implicates the IRS in its collection efforts.

38. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

39. On information and belief, Defendant sent a written communication, in the form annexed hereto as **Exhibit A** to at least 50 natural persons residing in the State of Pennsylvania within one year of the date of this Complaint.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

40. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above

8

herein with the same force and effect as if the same were set forth at length herein.

41. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

42. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false representation or deceptive means to collect or attempt to collect any debt.

43. Pursuant to 15 U.S.C. §1692e(5), a debt collector is prohibited from threatening to take any action that is not intended to be taken.

44. Pursuant to 15 U.S.C. §1692e(10), a debt collector is prohibited from utilizing a false representation or deceptive means to collect or attempt to collect a consumer debt.

45. The Defendant violated these sections of the FDCPA by threatening to potentially report the settlement of the Plaintiff's debt to the IRS, which is a result that would never have occurred.

46. Upon information and belief, the Defendant's use of this IRS statement was a 'collection ploy' meant to increase the Defendant's collections. *See, Good v. Nationwide Credit, Inc.,* 55 F. Supp.3d 742 (EDPA 2014).

47. Defendant's invocation of the IRS reasonably suggests that the debtor could get in trouble with the IRS for refusal to pay the debt, or for obtaining any debt forgiveness of $600 or more. *See e.g., Velez v. Enhanced Recovery Company, LLC,* 2016 WL 1730721 (EDPA 2016).

48. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

49. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a

trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

      (a)    Declaring that this action is properly maintainable as a Class Action and

certifying Plaintiff as Class representative, and Marcus & Zelman, LLC as Class Counsel;

      (b)    Awarding Plaintiff and the Class statutory damages;

      (c)    Awarding Plaintiff and the Class actual damages;

      (d)    Awarding Plaintiff costs of this Action, including reasonable attorneys'

fees and expenses;

      (e)    Awarding pre-judgment interest and post-judgment interest; and

      (f)    Awarding Plaintiff and the Class such other and further relief as this Court

may deem just and proper.

Dated: May 12, 2017

*/s/ Ari Marcus*

Ari Marcus, Esq.
MARCUS & ZELMAN, LLC
1500 Allaire Avenue, Suite 101
Ocean, New Jersey 07712
(732) 695-3282 telephone
(732) 298-6256 facsimile
*Attorneys for Plaintiff*



**MERCANTILE**
*Innovative Solutions, Exceptional Results*

1-888-784-2818

| | CDSIFO-W2 |
|---|---|
| RE: Your F____ __ard With | KOHL'S DEP____ ___NT STORES, INC |
| Current Creditor: | CAPITAL ONE, N.A. |
| Original Creditor: | CAPITAL ONE, N.A. |
| Account Number: | ******7489 |
| Reference Number: | |
| Current Balance: | $568.58 |
| Amount Enclosed: $ | |

**Office Hours (Eastern Time):**
Monday-Thursday    8:00 am - 9:00 pm
Friday             8:00 am - 5:00 pm

Date: 05/13/2016

- - - - - - - - - - - - - - - - - - - - - - PLEASE DETACH AND RETURN THIS PORTION WITH YOUR PAYMENT - - - - - - - - - - - - - - - - - - - - - - - -

Date: 05/13/2016

Kim Beatty,

Please be advised that our client has authorized us to offer you substantial savings to resolve this account. We are authorized to resolve this account for a reduced amount of $341.14, which must be received on or before 05/27/2016.

Failure to comply with the proposed conditions will make this offer null and void. We are not obligated to renew this offer. Upon clearance of your payment(s), the account will be resolved in full.

Please be aware that if the amount of principal debt forgiven is equal to or greater than $600.00, our client may be required by law to report the forgiven debt to the IRS and issue a form 1099c. If you have any questions regarding your personal taxes, it is recommended that you consult with a certified public accountant or other tax professional.

We offer an on-line correspondence service that will reduce paper consumption and improve your customer experience. Please visit **www.mercantilesolutions.com** to sign-up for paperless billing, access your account information or make payments on-line.

Sincerely,

Tim Scheuer
Phone Number: 1-888-784-2818

Please send payments or correspondence to Mercantile Adjustment Bureau, LLC, PO Box 9055, Williamsville NY 14231-9055.

Calls to or from this company may be monitored or recorded for quality assurance purposes.

**THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS IS A COMMUNICATION FROM A DEBT COLLECTOR.**

26277514 KOH

CDSIFO-W2 MERCI



BEATTY, KIM

SNGLP

1 SP  'B-03-K0S-BM-00101-1

FIRST CLASS MAIL
AUTO
US POSTAGE PAID
NIAGARA FALLS, NY
PERMIT NO. 1

35A RUST LANE
BOERNE, TX 78006-8202

To Open This Side - Slide Finger Under This Edge